IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONYA THREATT,

        Plaintiff,

v.

ARTURAS JASENAUSKAS,
ATLANTIC TRANSPORT, INC.,
and NATIONAL CASUALTY CO.,

        Defendants.

1:15-cv-1839-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Sonya Threatt's ("Plaintiff") Motion to Remand [23].

**I.     BACKGROUND**

This is a personal injury action arising from a motor vehicle accident. On August 5, 2013, Plaintiff was driving a MARTA passenger bus on Contintental Way in DeKalb County, Georgia, when a tractor trailer truck, driven by Arturas Jasenauskas ("Jasenauskas"), collided with Plaintiff's vehicle. The tractor trailer truck was owned by Atlantic Transport, Inc. ("Atlantic") and insured by National Casualty Company ("National").

On March 31, 2015, Plaintiff filed her Complaint in the State Court of DeKalb County, Georgia.  Plaintiff seeks to recover $23,800 in past medical expenses, and future medical expenses in excess of $498,900.  (Compl. at 4).  Plaintiff also seeks unspecified amounts for lost wages and loss of earning capacity, and pain, suffering and mental anguish.  (Id.).

On May 21, 2015, Atlantic and National (together, "Removing Defendants")[1] removed the DeKalb County Action to this Court based on diversity jurisdiction.  (Notice of Removal [1]).  Removing Defendants assert that Atlantic is incorporated, and has its principal place of business, in Illinois, and thus is a citizen of Illinois.  (Id. ¶ 7).  They assert also that National is incorporated in Wisconsin, and has its principal place of business in Arizona, and thus is a citizen of Wisconsin and Arizona.  (Id. ¶ 8).  Removing Defendants contend that complete diversity exists among the parties because Plaintiff is a citizen of Georgia, Jasenauskas and Atlantic are citizens of Illinois, and National is a citizen of Wisconsin and Arizona.  (Id. ¶¶ 4-8).  Removing Defendants argue further that the amount in controversy exceeds $75,000 because in her Complaint, Plaintiff seeks to recover past and future medical expenses totaling over $522,700.  (Id. ¶ 9).

---

[1]     Jasenauskas did not join in removal and has not otherwise participated in this action.  It is not clear whether Jasenauskas has been served with the Summons and Complaint.

2

On December 3, 2015, Plaintiff filed her Motion to Remand. Removing Defendants did not respond to Plaintiff's Motion. Although it is deemed unopposed, see LR 7.1(B), NDGa., the Court still must determine whether remand is appropriate in this case.

## II.   DISCUSSION

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." The Court's jurisdiction in this case is premised on diversity of citizenship, which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is undisputed that Plaintiff and Defendants are citizens of different states, but Plaintiff contends that the jurisdictional amount in controversy is not satisfied.

In her Motion to Remand, Plaintiff asserts that, because she "has decided that she will not undergo those [future] medical procedures" "which accounted for the amount of projected future medical expenses" alleged in the Complaint, Plaintiff now "agrees that she will not be entitled to Judgment greater than $74,750." (Br. in Supp. [23.1] at 2-3). Because "Plaintiff and her counsel hereby irrevocably agree in this litigation . . . that [P]laintiff's claim and recovery is

limited to an amount no greater than $74,750," Plaintiff asserts, the jurisdictional amount in controversy is no longer satisfied and this action should be remanded to the State Court of DeKalb County. The Court disagrees.

In an action removed from state court, the amount in controversy is measured on the date of removal. The Burt Co. v. Clarendon Nat'l Ins. Co., 385 F. App'x 892, 894 (11th Cir. 2010). Thus, "events occurring after removal, such as the post-removal amendment of a complaint . . . which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction." Id. (citing Poore v. Am.-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290-91 (11th Cir. 2000) overruled in part on other grounds by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640-41 (11th Cir. 2007)). Plaintiff's post-removal offer to limit the amount of damages she may recover is not a basis for remand.

It is clear from the face of Plaintiff's Complaint that, at the time of removal, Plaintiff sought to recover over $522,700, well beyond the jurisdictional threshold amount. Because Plaintiff and Defendants are citizens of different states and, at the time of removal, the amount in controversy exceeded $75,000, the Court has subject matter jurisdiction over this action. See 28 U.S.C. § 1332(a). Plaintiff's Motion to Remand is required to be denied.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Sonya Threatt's Motion to Remand [23] is **DENIED**.

**SO ORDERED** this 20th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE